IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL LANE,                        )
                                  )
                                  )
            Plaintiff             )
                                  )       Civil Action No. 04-952
      v.                          )       Chief Judge Donetta W.
                                  )       Ambrose/Magistrate Judge
Deputy Sheriff JOHN RILEY,        )       Francis X. Caiazza
Deputy Sheriff Brian Reiter,      )
and PUSHKALAI PILLAI, M.D.        )
                                  )
            Defendants            )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Defendant's
supplemental Motion to Dismiss be granted.

II.  REPORT

A.   Relevant Procedural and Factual History

Carl Lane ("Lane" or "the Plaintiff") was a state prisoner
temporarily in the custody of the Greene County Sheriff's
Department while being escorted to a court ordered competency
examination. The Defendant, Dr. Pushkalai Pillai ("Dr. Pillai")
was the psychiatrist assigned to conduct the examination. Prior
to arriving at Dr. Pillai's office, Lane informed both the
Pennsylvania Department of Corrections employees and the Greene
County Sheriff's deputies who escorted him to the examination
that he was feeling ill. Doc. 27, Compl., ¶ 13. When he arrived
at Dr. Pillai's office, he claims that he was "unable to properly
communicate verbally to proceed with the evaluation." Id., ¶ 20.

Dr. Pillai inquired about the nature of Lane's problem and he
pointed to his chest and stomach, apparently indicating the
source of pain. Id., ¶¶ 21,22. Lane contends that Dr. Pillai
"became visibly frustrated, very upset; apparently taking great
umbrage with the clear fact that plaintiff was unable to proceed
with the evaluation." Id., ¶ 25. Lane then alleges that Dr.
Pillai "demanded that [the deputies] take this one back." Id., ¶
26. The deputies removed the Plaintiff and "[w]hen the heavily
manacled, dizzy and nauseous and unassisted plaintiff steped
(sic) to descend the stairs en route to exit Centerfield, he
tripped, stubbled, lost his balance and fell down the entire
flight of stairs." Id., ¶ 30.

The Plaintiff filed this action against the two sheriff's
deputies as well as Dr. Pillai. Although somewhat convoluted, the
procedural history of this case can be reduced to these facts.
The claims against the two deputies are based on a purported
violation of the Plaintiff's civil rights. Lane's action against
Dr. Pillai is a state law negligence claim filed in this court
pursuant to its supplemental jurisdiction powers. See 28 U.S.C. §
1367(a). Now before the court is Dr. Pillai's Supplemental Motion
to Dismiss.[1] The motion is based on the failure of the Plaintiff

---

[1] The Plaintiff's argument that Dr. Pillai waived her affirmative
defense by failing to raise the certificate of merit issue in her
initial Motion to Dismiss has no merit. See Charpentier v. Godsol, 937
F.2d 859, 863-64 (3d Cir. 1991); see also e.g., Robinson v. Johnson,
313 F.3d 128, 137 (3d Cir. 2002) and Parkway Corporation v. Edelatein,
861 A.2d 264 (Pa. Super) (failure to raise non compliance rule during

to file a certificate of merit as required by Pennsylvania law with respect to a claim based on the purported negligence of a professional. See Pa. R. Civ. P. 1042.3.[2]

## B. Discussion

Dr. Pillai claims that this action should be dismissed because Lane failed to file a certificate of merit. Because it is undisputed that the Plaintiff failed to comply with the applicable state rule, the professional negligence claim against Dr. Pillai should be dismissed. In reaching this conclusion, the

---

preliminary proceedings did not waive Rule 1042.3).

[2]   Pa.R.Civ.P. 1042.3 provides as follows:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

. . .

court relies upon the reasoning set out in <u>Velazquez v. UPMC</u>

<u>Bedford Memorial Hospital</u>, 328 F.Supp.2d 549 (W.D. Pa. 2004)

(Pennsylvania's certificate of merit rule is applicable to

professional negligence claims filed in federal court),

<u>reconsideration</u> <u>granted</u> <u>by</u>, 338 F.Supp.2d 609 (W.D. Pa. 2004) and

<u>Hartman v. Low Security Correctional Institution Allenwood</u>, No.

4:CV-04-209, 2005 WL 1259950 (M.D. Pa. May 27, 2005).

In his supplemental response, Lane argues that Rule 1042.3

is inapplicable to his case. His claims will be addressed in

order.

1. <u>Rule 1042.3 should not be applied retroactively</u>

Lane's first argument, <u>i.e.</u>, that Rule 1042.3 should not be

applied retroactively, lacks merit. <u>See</u> <u>Velazquez</u>, 338 F. Supp.

2d at 612 (Pennsylvania rule requiring medical practice plaintiff

to provide certificate of merit applies retroactively to all

actions commenced after the effective date of the act). The

Pennsylvania rule became effective January 27, 2003 and the

Plaintiff commenced this action on June 25, 2004. Doc.1.

2. <u>The Plaintiff's ignorance of the law is no excuse</u>

Lane's second argument is that he was not aware that Rule

1042.3 applied to cases filed in federal court. <u>See</u> Doc. 75, ¶ 2.

Again, this claim lacks merit.[3]   <u>See</u>, <u>e.g.</u>, <u>Drake v. Steamfitters</u>

---

[3]   While it is true that <u>Velazquez</u> was not decided until July 26,
2004, the law was sufficiently clear given that as early as March 28,
2000, the Court of Appeals in <u>Chamberlain v. v. Giampapa</u>, 210 F.3d 154

Local Union No. 420, No. Civ.A. 01-6968, 2005 WL 196444, *9 (E.D.
Pa. Jan. 27, 2005) ("Plaintiff's pro se status does not excuse
her failure to comply with the appropriate" law and rules),
aff'd, 144 Fed.Appx. 932 (3d Cir. 2005); see also King v. Atiyeh,
814 F.2d 565, 567 (9th Cir. 1986)("Pro se litigants must follow
the same rules of procedure that govern other litigants.").[4]

   3. The Plaintiff request to file a certificate *nunc pro*
      *tunc* should not be granted

Next, Lane requests this court to grant him a "nunc pro tunc
extension of time in which to file a certificate of merit." Doc.
75, ¶ 3. First, Rule 1042.3 specifically provides that "[t]he
court, upon good cause shown, shall extend the time for filing a
certificate of merit for a period not to exceed sixty days. The
motion to extend the time for filing a certificate of merit **must**
**be filed on or before the filing date that the plaintiff seeks to**
**extend.**" (emphasis added). Lane's request has not been filed
timely.

Second, *nunc pro tunc* relief is a creature of equity. See

_____

(3d Cir. 2000) held that the New Jersey certificate of merit
requirement applied to a medical malpractice action filed in federal
court. The Chamberlain Court's decision was published two years prior
to Lane's encounter with Dr. Pillai and more than four years prior to
the commencement of this suit.

   [4] The Plaintiff cites to Scaramuzza v. Sciolla, 345 F. Supp. 2d
598, 511 (E.D. Pa. 2004). The court, here, however, adopts the
reasoning in Hartman, 2005 WL 1259950, *4 (*contra* to the courts
finding in Scaramuzza, prejudice is not an issue to be considered when
determining whether a plaintiff should be excused from complying with
the provisions of Rule 1042.3).

Schofield v. Com., Dept. of Transp., Bureau of Driver Licensing, 828 A.2d 510, 512 (Pa. Cmwlth. 2003)("[W]hen a party has filed an untimely notice of appeal . . . appellate courts may grant a party equitable relief in the form of an appeal nunc pro tunc"); See Maxion v. Com., Dept. of Transp., Bureau of Driver Licensing, 728 A.2d 442, 444 (Pa. Cmwlth. 1999)("The decision whether to permit an appeal nunc pro tunc is an equitable matter"). Here, the Plaintiff is essentially relying on his professed ignorance of the law to justify the grant of his request for *nunc pro tunc* relief. The claim lacks merit. See, e.g., Brady Tp. v. Ashley, 331 A.2d 585, 588 (Pa. Cmwlth. 1975)("The surcharged officials may have been unaware of the 45 day appeal period. But neither ignorance nor mistake of the law with a full knowledge of the facts is per se a ground for equitable relief.").

4. The exception to Rule 1042.3 is inapplicable here

In his last attempt to save his case, Lane seeks to invoke an exception to the Rule which permits either an attorney or party to certify that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." See Pa. R. Civ. P. 1042.3(a)(3). Attempting to now comply with the rule, Lane has attached a certificate signed by him certifying that expert testimony is unnecessary in this case. Doc. 75, ¶ 5.

First, the certificate now filed by Lane is untimely because

it was filed well beyond the sixty day limitation period; *i.e.*,
on November 14, 2005 more than one year after the original
complaint was filed. Second, as a matter of law, the court finds
that expert testimony is required here.

Under Pennsylvania law, "medical malpractice can be broadly
defined as the unwarranted departure from generally accepted
standards of medical practice resulting in injury to a patient,
including all liability-producing conduct arising from the
rendition of professional medical services."  See <u>Toogood v. Owen</u>
<u>J. Rogal, D.D.S., P.C.</u>, 824 A.2d 1140, 1145 (Pa. 2003). As is
true with all negligence claims, one element of a cause of action
is causation. Here, as a matter of law, this court finds that
expert testimony is required under the facts of this case to
determine whether the Plaintiff's "[fall] down the entire flight
of stairs" was caused by Dr. Pillai's failure to provide him with
medical care. His fall just as easily could have occurred because
he was "heavily manacled." Doc. 27, Compl., ¶ 30.

Finally, the <u>Toogood</u> Court recognized that there is a "very
narrow exception to the requirement of expert testimony in
medical malpractice actions [but only] where the matter is so
simple or the lack of skill or care so obvious as to be within
the range of experience and comprehension of even non-
professional persons". See <u>Toogood</u>, 824 A.2d at 1145 (internal
quotations omitted). Because of the causation issue, the narrow

exception set out in <u>Toogood</u> is inapplicable here.

### III.   CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. §

636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten

(10) days from the date of service to file an appeal from this

order to the District Court.   Any opposing party shall have seven

(7) days from the date of service of the appeal to respond

thereto.   Failure to timely file an appeal may constitute a

waiver of any appellate rights.


_Francis X. Caiazza_____
Francis X. Caiazza
U.S. Magistrate Judge


Dated:   November 22, 2005.

cc:   The Honorable Donetta W. Ambrose
      Chief United States District Judge

      Carl Lane
      AS-1293
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Samuel H. Foreman
      Weber Gallagher Simpson Stapleton Fires & Newby
      603 Stanwix Street
      Suite 1450 14th Floor
      Two Gateway Center
      Pittsburgh, PA 15222