IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CARL LANE,  )  | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-952 |
| v. ) | Chief Judge Ambrose |
| ) | Magistrate Judge Caiazza |
| Deputy Sheriff JOHN RILEY, ) | In Re: Doc. 92 |
| Deputy Sheriff Brian Reiter, ) | |
| and PILLAI, M.D., ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is respectfully recommended that Defendant John Riley's Motion to Dismiss, treated by the court as a Motion for Judgment on the Pleadings, be denied.

#### II. REPORT

#### A. Relevant Procedural and Factual History

Carl Lane ("the Plaintiff" or "Lane") was a state prisoner who, at times relevant to this action, was temporarily in the custody of the Greene County Sheriff's Department. Two deputy sheriffs, John Riley and Brian Reiter, the named Defendants in this action, were escorting Lane to a court ordered competency examination. Prior to arriving at the psychiatrist's office, Lane purportedly complained to the deputies that he was ill. He also explained to the psychiatrist that he was sick and could not participate in the competency examination. While being escorted back from his appointment, Lane contends that he was shackled and

handcuffed; he later became dizzy, fell down a flight of steps and purportedly suffered injuries.

Defendant Riley filed an Answer to Lane's Complaint. Doc. 73. He subsequently filed a Motion to Dismiss. Doc. 92. Lane then filed a Motion to Quash, Doc. 111, claiming that Riley was precluded from filing a Motion to Dismiss after he had filed an Answer. Lane's Motion was denied. The court opted to treat Riley's motion as a Motion for Judgment on the Pleadings.[1]

## B. **Discussion**

### 1. The Relevant Facts

In his Motion to Dismiss Defendant Riley raises the doctrine of *res judicata*. His argument is based on the following facts.

On April 8, 2003, Lane filed a civil complaint in the District Justice Court of Greene County, Pennsylvania. The Greene County Sheriff's Office and Sheriff Richard Ketchem were named as the Defendants. In that action Lane alleged that because of his fall he "sustained injuries to his lower back and left shoulder as a direct result of defendant's negligence in failing to assist the heavily manacaled [sic] prisoner down the stairs to ensure that he would not fall." Doc. 92 at 3.

After receiving notice of the hearing date, Lane requested

---

[1] A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standard as a motion to dismiss under Rule 12(b). Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995), aff'd, 91 F.3d 125 (3d Cir. 1996).

2

that the district justice issue a writ of habeas corpus *ad testificandum,* which would direct prison deputies to transport him to the hearing. Doc. 106 at 7. Following a series of continuances, the district justice denied Lane's request because "there are no provisions in the Pennsylvania Rules [of] Court pertaining to District Justices concerning transportation needs . . . . [and] no provisions for hearings to be conducted via telephone." Doc. 106 at 11. He also cautioned Lane that his failure to appear at the hearing would result in a judgment being entered in the Defendants' favor in accordance with Rule 319 of the Rules of Civil Procedure Governing Actions and Proceedings before District Justices. Id. On July 21, 2003, Lane requested another continuance. Id. at 13. Lane claims that he did not receive a response from the District Justice and assumed that the continuance was granted. Id. at 3, ¶¶ 9-10. Finally, Lane alleges that on July 30, 2003, the date set for the trial of his claim, the District Justice completed a civil action worksheet noting that he failed to appear. A default judgment was then entered against Lane and in favor of the Defendants. Doc. 106 at 3, ¶ 11; Doc. 92 at 4.

Next, the Plaintiff filed a notice of appeal and a request for leave to proceed in *forma pauperis* in the Greene County Court of Common Pleas. On October 31, 2003, the court entered an order denying Lane's motion to proceed in *forma pauperis,* based upon

3

his failure to file a complaint in that court as is required by the relevant procedural rule.² Doc. 110 at 12 (Greene County Common Pleas order stating that the "Plaintiff's request to proceed *in forma pauperis* is DENIED as the Court can only rule on such a request when a complaint is filed."). Parenthetically, after a notice of appeal is filed in the common pleas court, a plaintiff who failed to prevail before the District Justice, must file a new complaint in the Court of Common Pleas where the case proceeds *de novo*. See Pa. R.C.P.M.D.J. Nos. 1004 and 1007.³

Here, it is undisputed that Lane never filed a complaint in the Greene County Court of Common Pleas. Lane subsequently filed this federal action based upon the same facts as set out in his action before the Pennsylvania district justice.

2. The General Law

As explained by the Court of Appeals for the Third Circuit, "the central purpose of the [res judicata] doctrine [is] to require a plaintiff to present all claims arising out of the same

---

² See e.g. Pa.R.Civ.P. 240(j) (2003 ed.) which provided that upon the filing of a petition for leave to proceed in *forma pauperis*, the court may dismiss the "action, proceeding or appeal, if the allegation of poverty is untrue or it if it [i.e, the court] is satisfied that the action, proceeding or appeal is frivolous." Without benefit of the Lane's complaint, the Common Pleas Court could not screen his cause of action.

³ Pa.R.C.P.M.D.J. No. 1004(A) provided in relevant part that "[i]f the appellant was the claimant in the action before the district justice, he shall file a complaint within twenty (20) days after filing his notice of appeal."

occurrence in a single suit." Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Incorporated - Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992). Also, Federal law directs the court to examine Pennsylvania state law to determine the requirements and effects of the doctrine of *res judicata*. That said, Title 28 U.S.C. § 1738 requires that state court decisions be given the same preclusive effect in federal court that they would be given in the courts of the rendering state. Delaware River Port Authority v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002); Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988).

The Pennsylvania courts adhere to the preclusive doctrine of *res judicata*. Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co. __ A.2d __, 2006 WL 1994824, *8 (Pa. July 18, 2006). A myriad of courts, including those in Pennsylvania, have included in the description of the *res judicata* doctrine a requirement that the earlier case result in a "final judgment on the merits." See, e.g., Knouse v. W.C.A.B. (G.O.D. Inc.), 886 A.2d 329, 335 n.10 (Pa. Cmwlth. 2005)("res judicata provides that, when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded."). However, a "final judgment on the merits" is not an inflexible requirement for applying *res judicata*. Bearoff v. Bearoff Brothers, Inc., 327 A.2d 72, 75 (Pa. 1974)("While the general rule for either

collateral estoppel or res judicata to apply is that a final and valid judgment must have been entered . . . this rule is not without exception."). General Accident Fire & Life Assurance Corp. v. Flamini, 445 A.2d 770, 772 (Pa.Super. 1982) ("Pennsylvania law takes a broad view on what constitutes a 'final judgment' for purposes of res judicata.").

Under Pennsylvania law, a default judgment, such as the one entered by the District Justice[4] here, is given *res judicata* effect. See, e.g., Morgan Guar. Trust Co. of New York v. Staats, 631 A.2d 631, 638 (Pa. Super. 1993)("When a judgment by default becomes final, all the general rules in regard to conclusiveness of judgments apply."). The federal courts have recognized this rule. Kramer v. Kubicka, 2006 WL 1644825, *3 (D.N.J. June 9, 2006)("The rule in both New Jersey and Pennsylvania is that a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation.")

---

[4] Nor is the fact that the default judgment was entered by a District Justice any bar to the application of *res judicata*. A.C. Elfman & Sons, Inc. v. Clime, 513 A.2d 488, 490 (Pa. Super. 1986) ("where the doctrine of res judicata is otherwise applicable, its invocation will not be precluded or impaired because the prior judgment was entered in an action before a district justice."). See also Stahl v. Hilderhoff, 247 A.2d 582, 583 (Pa. 1968)("If these conditions [for applying res judicata] are met in the case at bar, the fact that the prior judgment was entered in an action before a justice of the peace does not preclude invocation of the doctrine of res judicata.").

6

3. <u>Analysis</u>

On the day of the trial the District Justice completed a civil worksheet, noting that Lane did not appear. Because he was incarcerated, Lane requested that the district justice issue a writ of habeas corpus *ad testificandam*. His request, however, was denied by the district justice because "there are no provisions in the Pennsylvania Rules [of] Court pertaining to District Justices concerning transportation needs . . . [and] no provisions for hearings to be conducted via telephone." Doc. 106 at 11. Under these facts, it would be inappropriate to consider the default judgment entered by the District Justice as being final for *res judicata* purposes, especially considering Lane's inability to appear and prosecute his case.

Next, the court will consider whether Lane's failure to prosecute his appeal to the common pleas court gives any substance to Riley's *res judicata* argument. In the state court, Lane timely filed a notice of appeal and a motion to proceed in *forma pauperis*. His motion was denied. Doc. 110 at 12 (Greene County Court of Common Pleas order stating that "Plaintiff's request to proceed in *forma pauperis* is denied as the Court can only rule on such a request when a complaint is filed."). Lane never filed a complaint.

In order for litigation to be precluded, Pennsylvania law requires that the prior determination be on the merits. <u>Ross v.</u>

Bowlby, 509 A.2d 332 (Pa. Super. 1986). Here, there was no action whatsoever by the common pleas court with respect to Lane's appeal -other than its denial of his request to proceed in *forma pauperis*. He was not ordered to file a complaint, he was not sanctioned because of his failure to prosecute nor was a judgment of non-pros entered. Consequently, there was no prior determination by the common pleas court on the merits. See Levine et al v. Mitcham et al, 883 F.2d 196 (3d Cir. 1989); see also *cf.* Haefner v. Barsel, 494 A.2d 1115 (Pa. Super.)(1985).

Because there is no prior decision on the merits with respect to the facts in this case, Riley's Motion For Judgment on the Pleadings should be denied.[5]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

---

[5] Pursuant to Pennsylvania law, the doctrine of *res judicata* involves an analysis of four factors. Stevenson v. Silverman, 208 A.2d 786, 787-88 (Pa. 1965). Those factors will not be analyzed here because there is no "final judgment" under the facts of this case.

Dated: August 22, 2006         <u>s/Francis X. Caiazza</u>
                               Francis X. Caiazza
                               U.S. Magistrate Judge



cc:

The Honorable Donetta W. Ambrose
Chief United States District Judge

Carl Lane, AS-1293
SCI-Huntingdon
110 Pike Street
Huntingdon, PA 16654-1112

David C. Hook, Esq.