IFP
No fee pd.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL LANE,                          )
                    Plaintiff,      )     Civil Action No. 04-952
                                    )
              v.                    )
                                    )
                                    )
JOHN RILEY, et al.                  )
                    Defendants.     )

**FILED**

OCT 1 7 2006

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## NOTICE OF APPEAL

Pursuant to W.D. PA. LR 72.1.3(3), the plaintiff, Carl Lane, hereby appeals from the Magistrate's Order of October 10, 2006 denying the plaintiff's Motion for Modification or in the Alternative to Vacate Case Management Order, and in support, respectfully state:

1.    On December 16, 2005, Defendant Riley filed a Motion to Dismiss (Doc. 92) with a Brief (Doc. 94) — attaching to both documentary support, marked exhibits A and B, respectively.

2.    On May 17, 2006, a Memorandum Order (Doc. 113) was entered denying plaintiff's Motion to Quash (Doc. 111) Riley's Motion to Dismiss; finding that "while the plaintiff may be technically correct (that it is improper to file a Motion to Dismiss after an answer has been filed), the Court has wide discretion to consider Riley's Motion to Dismiss as a Motion for Judgment on the pleadings — thus treating it as a motion filed pursuant to Fed. R. Civ P. 12(c)", and ordered that "Defendant Riley's Motion to Dismiss shall be treated as a Motion for Judgment on the Pleadings."

3.    On August 22, 2006, Magistrate Judge Caiazza filed a Report and Recommendation (Doc. 114) that Riley's Motion (Doc. 92) be denied.

4.    On September 14, 2006, Chief Judge Ambrose filed a Memorandum Order (Doc. 119) adopting the Magistrate Judge's Report and Recommendation as the Court's opinion.

5.    Fed. R. Civ. P. 12(b)(6) and 12(c) both state that if the moving party submits material outside the pleadings, such as documentary exhibits, which are not excluded by the Court, the motion shall be treated as one for Summary Judgment and disposed of as

provided in Rule 56. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

6.   In Support of his argument for Dismissal, Riley presented documentary exhibits outside the pleadings which the Court clearly Considered in deciding the Motion (See Magistrate Judge's Report and Recommendation (Doc. 114) referring to Riley's exhibits in Dx. 92 at 3 and 4).

7.   Riley also filed a "Response (Doc. 109) to Lane's Response (Doc. 106) in Opposition to Motion to Strike Clerk's Entry of Default and Motion to Dismiss" (Doc. 109), with exhibits in Support (Doc. 110). Those documentary exhibits outside the pleadings were also clearly Considered and cited in the Report and Recommendation. See pg 4.

8.   Therefore, the court should modify the case management order to be consistent with Rules 12(b)(6) and 12(c), Fed. R. Civ. P., according to which Riley has, technically, already moved for and been denied Summary Judgment since his Motion to Dismiss - treated as a Motion for Judgment on the pleadings presented matters outside the pleadings (See Docs 92, 94, 109, 110) which were not excluded by the Court - was denied.

9.   Alternatively, the court should vacate the case management order with respect to fact that the clerk entered Default against Defendant Riley (Doc. 65) on October 31, 2005 which should effectively prevent him from moving for Summary Judgment insofar as the clerk's entry of default against him has not been set aside.

For those reasons, the Magistrate Judge's order is clearly erroneous and Contrary to law.

Respectfully Submitted,

Carl Lane
Carl Lane
Plaintiff, Pro se

Date: October 16, 2006

10/23/06
Denied as the order of the Mag. Judge is neither clearly erroneous nor contrary to law.

Donetta F. Ambrose