IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL LANE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-952 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Caiazza |
| JOHN RILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendant John Riley's Motion to Dismiss (Doc. 152) be granted, and that the claims against the Defendant Brian Reiter likewise be dismissed.

#### II. REPORT

State prisoner Carl Lane ("Mr. Lane" or "the Plaintiff") has filed this Section 1983 action, alleging that the Defendants John Riley ("Mr. Riley") and Brian Reiter ("Mr. Reiter") were deliberately indifferent to his medical needs and safety.[1]

---

[1] Mr. Reiter has not been served with the Amended Complaint. Under the circumstances, he owes no obligation to respond to the Plaintiff's allegations. Even had he been served, the claims against him fail on the merits, and the court should dismiss them *sua sponte*. The Plaintiff is hereby given notice of the proposed ruling, and his opportunity to respond may be had through the objections process. *See, e.g.*, U.S. v. Lee, 1998 WL 292388, *2 (10th Cir. May 28, 1998) (objections to report and recommendation provide party "ample opportunity to respond" to recommended *sua sponte* ruling).

Mr. Lane alleges that, while the Defendants were transporting him to a psychiatric evaluation, he began to "suffer[] severe chest pains[,] sharp stomach cra[m]ps with an acute onset of lightheadedness, disorientation, fever, nausea, and . . . other symptoms consistent with food poisoning." *See* Am. Compl. (Doc. 27) at ¶ 9. Mr. Lane requested medical attention, Mr. Reiter allegedly told him that he "pro[b]ably [had] heartburn," and Mr. Riley stated he would be returned to the institution "within a few hours" and could "see medical then." *Id.* at ¶¶ 13-15. The Plaintiff does not claim to have later sought or required medical treatment for these symptoms, nor does he allege any harm resulted from the delay in treatment. *See generally id.*

Mr. Lane also claims that, while the Defendants escorted him from the building in restraints, he "trip[p]ed, stumbled, lost his balance and fell down" a flight of stairs. *Id.* at ¶¶ 29-30. Mr. Reiter, who led the Plaintiff down the flight of stairs, allegedly "side-stepped" him and failed to break his fall. *Id.* at ¶ 31. Mr. Lane also claims that the Defendant threatened to file escape charges if he "did not get up." *Id.* at ¶ 32. The Plaintiff thereafter was transported to the hospital for injuries allegedly sustained in the fall. *Id.* at ¶ 35.

To state an Eighth Amendment claim for denial of medical treatment, the Plaintiff must show that: 1) he suffered from a serious medical need; and 2) the Defendants were "deliberately indifferent" to it. *See* Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004) (citations omitted). A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or . . . is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted, quotations in original), *cert. denied*, 486 U.S. 1006 (1988).

In this case, Mr. Lane claims to have suffered "symptoms consistent with food poisoning." *See* discussion *supra*. Neither before nor after the attack did a physician diagnose him with a condition requiring medical treatment. *See* Monmouth. Indeed, the Plaintiff fails to allege that he sought or received treatment for these symptoms upon being returned to the correctional facility.

Nor has Mr. Lane alleged medical problems "so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id*. To the contrary, the Plaintiff's own pleadings confirm the Defendants believed he merely "had heartburn," and that treatment could wait a "few hours" until he returned to the facility. *See* discussion *supra*. These facts, alone and in

conjunction with Mr. Lane's failure to later seek medical attention, preclude the showing of a "serious" medical condition.

Even assuming the Plaintiff can meet the seriousness requirement, he cannot show the Defendants acted with deliberate indifference. The courts have so held under materially indistinguishable circumstances. *See, e.g.*, Spruill, 372 F.3d at 236-37 (despite prisoner's allegations that his back "caused him excruciating pain" and "required significant and continuous medication," his condition was not "so dire and obvious" that prison official acted with deliberate indifference by "fail[ing] to summon immediate medical attention" and instead allowing plaintiff to be seen following day); Parker v. Mulderig, 1993 WL 44275, *6 (E.D. Pa. Feb. 17, 1993) ("mere delay in receiving treatment does not generally involve deliberate indifference," and prisoner's "suffer[ing] pain in the four or five hours between the time he first sought care . . . and the time he obtained medical attention" was "constitutionally negligible"; "[t]he ability to obtain immediate medical care on demand is a luxury enjoyed by few [persons] outside prison walls," and "a few hours wait for medical care for [a] condition that does not constitute an immediate threat to life or health is not evidence of . . . deliberate indifference") (citations and internal quotations omitted).

Next are the allegations regarding Mr. Lane's fall down the stairs. To state a failure to protect claim, the Plaintiff must demonstrate that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the Defendants acted with "deliberate indifference" to his safety. *See* Jones v. Beard, 2005 WL 1995438, *1 (3d Cir. Aug. 19, 2005) (citing and quoting binding published authority). To be deliberately indifferent, a prison official must both "know[ ] of and disregard[ ] an excessive risk to inmate . . . safety." *Id.* This standard is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001).

Accepting the pleadings as true, earlier in the day of the fall Mr. Lane complained of nausea and dizziness, but there is no allegation he was unable to walk to his psychiatric appointment without incident. While leaving the appointment and wearing manacles, the Plaintiff lost his balance and fell. Even if Mr. Lane appeared unsteady -- and there is no supporting averment that he did -- he has, at most, alleged the Defendants were negligent in not taking greater care in transporting him. There is no basis for reasonably inferring that the Defendants were subjectively "aware of the existence of . . . excessive risk," and his failure to protect claim is without merit.

*See* discussion *supra*; *see also, e.g.,* <u>White v. Tyszkiewicz</u>, 2001 WL 1299274, *1 (6th Cir. Aug. 10, 2001) (prison official's negligence in failing to prevent prisoner from slipping on ice did not support claim under 8th amendment) (citations omitted); <u>Dial v. Murphy</u>, 1995 WL 293888, *1-2 (6th Cir. May 12, 1995) (same).[2]

Finally, the verbal threat allegedly made by Mr. Reiter after the Plaintiff's fall cannot serve as a basis for liability. *See* <u>Burkholder v. Newton</u>, 2004 WL 2677161, *2 (3d Cir. 2004) ("[i]t is well established that [a]llegations of threats or verbal harassment, without injury or damage, do not state a claim under [Section] 1983") (collecting cases, citations and internal quotations omitted).

For all of these reasons, the Plaintiff has failed to state a claim upon which relief may be granted, and his remaining claims should be dismissed with prejudice.

---

[2] To the extent the Plaintiff complains that Mr. Reiter should have attempted to break his fall rather than "side-stepp[ing]" him, Mr. Lane has failed to identify legal authority establishing that "reasonable measures to guarantee the safety of inmates" include requiring an official to place himself in harm's way. *Cf.* <u>Longoria v. Texas</u>, 473 F.3d 586, 593-94 (5th Cir. 2006) ("no rule of constitutional law requires . . . officials to endanger their own safety in order to protect a prison inmate").

**CONCLUSION**

Mr. Riley's Motion to Dismiss (Doc. 152) should be granted, and the claims against Mr. Reiter likewise should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by March 30, 2007. Responses to objections are due by April 9, 2007.

March 14, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc:

David C. Hook, Esq. (via email)

CARL LANE, AS-1293 (via first-class U.S. Mail)
SCI FAYETTE
50 Overlook Dr.
P.O. Box 9999
LaBelle, PA   15450

Donetta W. Ambrose
Chief United States District Judge